**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ELENA PANKOVA-VISSER,

                              Plaintiff,

      - v -                                        Civ. No. 1:20-CV-430
                                                         (MAD/DJS)

WALMART, INC., CVB, INC., and LUCID
MATTRESS COMPANY,

                              Defendants.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

ELENA PANKOVA-VISSER
Plaintiff _Pro Se_
93 Herkimer Street
Apartment 2
Albany, New York 12202

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

The Clerk has sent for review a civil Complaint filed by Plaintiff. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed _in forma pauperis_ ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will _sua sponte_ review the sufficiency of the Complaint.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed _in forma pauperis_, "the court shall dismiss the case at any time if the

court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting his to proceed further with his action. Generally, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's Complaint alleges personal injury as the result of Defendants' negligence. *See generally* Compl. Plaintiff alleges that this Court has diversity jurisdiction over Plaintiff's claims. Compl. at ¶ 10; Dkt. No. 1-1. Plaintiff clearly alleges that she satisfies the amount in controversy requirement to establish diversity by asserting that her damages exceed $75,000. Compl. at ¶ 9. To plead complete diversity of citizenship when corporations are involved a plaintiff must typically plead where the corporation is incorporated and where it has its principal place of business. *Kruglov v. Copart of Connecticut, Inc.*, 771 Fed. Appx. 117, 118 (2d Cir. 2019). Plaintiff's Complaint technically fails to meet this stringent pleading standard. It alleges the place of incorporation for each Defendant, but makes no allegation as to their principal places of business. *See* Compl. at ¶¶ 2-4. "If a complaint fails to allege a corporation's principal place of business, *and if there is a possibility that a party's citizenship, through its principal place of business, might destroy diversity, then the pleading is insufficient*

to establish diversity jurisdiction." *Kruglov v. Copart of Connecticut, Inc.*, 771 Fed. Appx. at 118 (quoting *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991)) (emphasis added). Here, the Court notes that the is little likelihood that this pleading defect is likely to destroy complete diversity. "Walmart's principal place of business is within the State of Arkansas." *Young v. Walmart, Inc.*, 2020 WL 2099476, at *1 (D. Utah May 1, 2020); *see also Breeze v. Bayco Prod., Inc.*, 2020 WL 1812404, at *1 n. 1 (S.D. Ill. Apr. 9, 2020) (same); *Monroe v. Walmart, Inc.*, 2019 WL 2181923, at *1 (M.D. La. May 20, 2019) (same). There also appears little likelihood that the primary place of business for the remaining Defendants, both Utah corporations, will defeat diversity. Accordingly, the Court determines, solely for purposes of this initial review, that the Complaint sufficiently alleges that the Court has diversity jurisdiction.

  Plaintiff alleges that she purchased a mattress that was shipped in a compressed form and that when she attempted to open it it rapidly unfolded and knocked Plaintiff over causing injury. Compl. at ¶¶ 11-16. She further alleges that there was no warning included about the potential for injury in unpacking the mattress and that she could not have known of such a risk. *Id.* at ¶¶ 17-20. The Complaint alleges three related negligence causes of action: negligent failure to warn, *id.* at ¶¶ 23-31, negligent failure to properly inspect the product for safety, *id.* at ¶¶ 33-42, and negligent design. *Id.* at ¶¶ 44-52. Common to these claims, Plaintiff alleges that one or more Defendant owed

3

a duty to her, *id.* at ¶¶ 23, 33, & 44, that that duty was breached, *id.* at ¶¶ 24, 34, & 45, and that the breach of duty caused Plaintiff's injury. *Id.* at ¶¶ 25, 35, & 46. These allegations are sufficient to establish a prima facie case and require Defendants to respond to the claims. *See*, *e.g.*, *Amos v. Biogen Idec Inc.*, 28 F. Supp. 3d 164, 169-70 (W.D.N.Y. 2014) (negligent failure to warn); *Rochester-Genesee Reg'l Trans. Auth. v. Cummins Inc.*, 2010 WL 2998768, at *8 (W.D.N.Y. July 28, 2010) (negligent failure to inspect). With respect to her negligent design claim, Plaintiff alleges that Defendants were careless and negligent in failing to design safe packaging for the mattress. Compl. at ¶¶ 47-50. This too is sufficient to require a response from Defendants. *Tears v. Bos. Sci. Corp.*, 344 F. Supp. 3d 500, 509-10 (S.D.N.Y. 2018) (negligent design).

**ACCORDINGLY**, it is hereby

**ORDERED**, that this action survives *sua sponte* review and requires a response from Defendants; and it is further

**ORDERED**, that the Clerk shall issue Summonses and forward it along with a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, along with copies of the Complaint, and this Order to the United States Marshal for service upon the Defendants; and it is further

**ORDERED**, that a response to the Complaint be filed by Defendants or Defendants' counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendants; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 Conference before the assigned Magistrate Judge; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District. In accordance with the Local Rules, Plaintiff must promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; her failure to do so will result in the dismissal of this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date:  June 2, 2020
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge